## UNITED STATES DISTRICT COURT
## DISTRICT OF MAINE

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) Crim. No. 03-43-P-S |
| | ) |
| SCOTT DEOJAY, | ) |
| | ) |
| Supervised Releasee | ) |

### ORDER

This matter came before me this date for a preliminary hearing pursuant to Fed. R. Crim. P. 32.1(a)(1). The supervised releasee appeared with counsel, waived his right to a preliminary hearing and consented to the entry of a finding of probable cause to hold him for a revocation hearing. Accordingly, I **_FIND_** probable cause to hold the supervised releasee for a revocation hearing.

A release hearing was held at Deojay's request for the purpose of determining whether he is eligible for release pending the revocation hearing. *See* Fed. R. Crim. P. 32.1(a)(6). The standards governing release in these circumstances are those prescribed in 18 U.S.C. § 3143(a). *Id*. Thus, Deojay is entitled to be released if he establishes, by clear and convincing evidence, that he is not likely to flee or pose a danger to the safety of any other person or the community if released pursuant to 18 U.S.C. § 3142(b) or (c). The government conceded at the hearing that Deojay has met his burden as it relates to risk of flight.

The record reflects that Deojay has a history of cocaine and alcohol abuse, that he was convicted in 1990 and 1991 for disorderly conduct, that despite conditions of release that prohibit him from using or possessing any intoxicants he was discovered by his supervising probation officer

1

during an unannounced home visit on May 19, 2006 to be drinking alcohol, and, most importantly, that he was intoxicated on May 26, 2006 when arrested by the Sanford, Maine police for disorderly conduct shortly after 3:23 a.m. In connection with the latter incident, the arresting officer described Deojay as uncooperative and belligerent and reported that he refused an alcohol test even though advised that his probation officer instructed that he submit to one. It is clear that when Deojay drinks alcohol he is likely to do so to excess, becomes belligerent and thereby poses a risk of danger to the community.

I conclude that Deojay has failed to satisfy his burden of establishing by clear and convincing evidence that he is not likely to pose a danger to the community if released pursuant to 18 U.S.C. § 3142(b) or (c).

The supervised releasee is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The supervised releasee shall be afforded a reasonable opportunity for private consultation with his counsel. On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility shall deliver the supervised releasee to the United States Marshal for the purposes of an appearance in connection with a court proceeding.

Dated this 2nd day of June, 2006.

/s/ David M. Cohen
David M. Cohen
United States Magistrate Judge